**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**Esther Jones,**
**Plaintiff**

**v.** **Case No. 3:09-cv-1527(CFD)(TPS)**

**D. Scott Carruthers,**
**Defendant**

**RECOMMENDED RULING**

This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and it commenced September 28, 2009. Complaint at 1. The plaintiff, Esther Jones, brought suit against the defendant, D. Scott Carruthers, because of a disagreement that arose out of a disputed personal bank account. The parties attempted settlement negotiations between February 4, 2010 and March 3, 2010. Def.'s Resp. for Mot. for J. 1. On March 19, 2010 the parties agreed that the defendant would pay the plaintiff $3,500.00. Def.'s Resp. for Mot. for J. 2. However, the issue as to attorney's fees was still in dispute at this time. The district court then held a telephonic status conference on April 1, 2010. (Dkt. #14) On April 7, 2010, following a second telephonic status conference with the District Court, and with the agreement

of the parties, the court entered a judgment for the Plaintiff for $3,500 including attorney's fees. (Dkt. #17).

The defendant failed to comply with the District Court's judgment and all post-judgment orders entered by the Magistrate judge. The defendant also failed to comply with all post-judgment discovery requests. On July 22, 2010, this court granted plaintiff's motion to compel and ordered the defendant to respond to the plaintiff's post-judgment discovery requests. (Dkt #23). The defendant did not even make an attempt to follow this order. Pl.'s Mot. for Order to Show Cause 1. On September 27, 2010 this court entered an order for the defendant to show cause why he failed to comply with this court's order that he respond to post-judgment discovery. Order to Show Cause 1.

The show-cause hearing took place on November 15, 2010. The defendant, although ordered by the court to appear at the hearing on that date, was not present. At the hearing, counsel for the defendant presented evidence that the defendant has been uncooperative and has asked that his lawyers no longer represent him in this matter. Def. Ex. 1. Defense counsel informed the court that they have attempted many times to persuade the defendant to appear and comply with the Court's orders, but have been unsuccessful. Defense counsel noted that there are two motions to withdraw pending from July 9, 2010 from him and his co-counsel.

At the November 15 hearing, the plaintiff moved the court to find the defendant in civil contempt and issue a warrant for his arrest. The court finds that the defendant's willful contravention of the District Court's April 7th Judgment and this Court's order to appear and show cause to be civil contempt. However, under 28 U.S.C. § 636(e), a Magistrate is without authority to hold a person in civil contempt for misbehavior that occurs outside the presence of the Magistrate. Here, because the misbehavior constituting contempt did not occur before the Magistrate, the Magistrate judge can only make a recommendation to the District Court. So being, the Magistrate hereby recommends to the District Court that the defendant be held in contempt and that a warrant be issued for his arrest.

At the November 15 hearing, defendant's counsel presented evidence to support his motion to withdraw as attorney. An E-mail exchange between defense counsel and the defendant shows that the defendant no longer would like Neubert, Pepe & Monteith to represent him. Defense counsel also informed the Court that his client has become increasingly hard to reach by either E-mail or phone. Defense counsel also suggested that the defendant was no longer taking or even seeking legal advice from Neubert, Pepe & Monteith. This motion was not objected to by the plaintiff. The Magistrate recommends to the District Court that the motions to withdraw as attorney for the defendant be granted.

In conclusion, the Magistrate Judge hereby recommends to the District Court that an arrest warrant issue for D. Scott Carruthers and that he be held in civil contempt until he has complied with the judgment of the District Court. This court further recommends that the attorney's motions to withdraw (dkt. #21, 22) be GRANTED.

**SO ORDERED** this 15th day of November 2010, at Hartford, Connecticut.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge