UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2011 FEB -4  A 11: 02

US DISTRICT COURT
HARTFORD CT

ESTHER JONES,
    Plaintiff,

v.

D. SCOTT CARRUTHERS,
    Defendant.

CIVIL ACTION NO.
3:09-cv-1527 (CFD)

## ORDER ADOPTING RECOMMENDED RULING

### I.  Introduction

This is a case brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. After a motion by the plaintiff for the defendant to show cause why he should not be held in civil contempt, this case was referred to Magistrate Judge Thomas Smith for a ruling on the motion. Judge Smith has issued a recommended ruling (Dkt. # 19) finding that the defendant is in civil contempt, and recommending to this court that the defendant be held in contempt and that a warrant be issued for his arrest.

### II.  Background

On April 7, 2010, the court entered judgment for the plaintiff, Esther Jones, for $3,500. (Dkt. # 17.) Since then, the defendant, D. Scott Carruthers, has failed to comply with all post-judgment orders entered by Judge Smith and all post-judgment discovery requests. On September 27, 2010, Judge Smith entered an order for the defendant to show cause why he failed to comply with post-judgment discovery orders.[1]  The show-cause hearing took place on November 15, 2010. The defendant did not appear. His lawyers reported at that hearing they had repeatedly tried to contact him to persuade him to appear at the hearing. They reported he

---

[1] Judge Smith's September 27th Order, which was sent to the defendant by plaintiff's counsel, is attached as Exhibit A.

has been uncooperative and asked that they no longer represent him. Motions to withdraw from Carruthers' two attorneys, Douglas Skalka and Lucas Rocklin, have been pending since July 9, 2010. (See Dkt. # 21 and 22.)

In his recommended ruling issued the day of the show-cause hearing, Judge Smith recommends that Carruthers be held in civil contempt for "the defendant's willful contravention of the District Court's April 7 Judgment and [Judge Smith's] order to appear and show cause," and that a warrant be issued for his arrest. Recommended Ruling 3, November 15, 2010, ECF No. 29. Oral argument on the recommended ruling was held on January 31, 2011. At the time the hearing was scheduled, this court ordered Carruthers' attorneys to attend, and to notify Carruthers his appearance was required. His counsel provided the court with the letter they sent him advising him of the hearing, telling him his appearance was required, and asking him to contact them. They sent the letter by fax and by FedEx. Carruthers did not appear at the hearing on January 31, 2011.

## III. Applicable Law and Discussion

Pursuant to 18 U.S.C. §401, a federal court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" as "disobedience or resistance to its lawful writ, process, order, rule, decree or command." In addition, Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides for "treating as contempt of court the failure to obey any order." "A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." New York State Nat'l Org. For Woman v. Terry, 886 F.2d

1339, 1351 (2d Cir. 1989). If a finding of contempt is made, a federal district court "possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." Penthouse Inter., Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 386 (2d Cir. 1981).

Given the defendant's failure to comply with the judgment, to comply with Magistrate Smith's post-judgment orders, and his failure to appear at the November 15 hearing, the court finds it is a proper exercise of its discretion to hold Carruthers in civil contempt. The orders with which Carruthers has failed to comply are clear and unambiguous. First, he was ordered by Magistrate Judge Smith to respond to interrogatories and discovery requests about his assets and financial information. Second, he was ordered by both Judge Smith and this court to appear at hearings to explain his noncompliance. These orders were straightforward and unambiguous. The proof of noncompliance has been quite clear—Carruthers has neither provided the discovery nor shown up in court. Finally, Carruthers has not diligently attempted to comply; in fact it appears he has made no attempts whatsoever.

The court also adopts the recommendation that a warrant be issued for Carruthers' arrest. The court has the power to do so pursuant to 18 U.S.C. §401. "The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command." International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 828 (1994). "[T]hose who are imprisoned until they obey the order, carry the keys of their prison in their own pockets." Hicks on Behalf of Feiock v. Feiock, 485 U.S. 624, 633 (1988) (internal citations and quotations omitted). Carruthers may avoid arrest by promptly paying the $3,500 judgment owed to Ms. Jones, as well as $500 in attorneys fees in connection

with these post-judgment proceedings. If he does not do so by March 4, 2011, and provide notice to the court of that payment, the arrest warrant will issue on that date.[2] Counsel for the defendant are personally responsible for notifying Carruthers of this Ruling using the same methods—fax and FedEx—as their previous notice to the defendant. (See Dkt. #34.)

## IV. Conclusion

For the reasons stated above, the recommended ruling [Dkt. #29] and plaintiff's motion for order to show cause [Dkt. #24] are GRANTED, and an arrest warrant shall issue for the Defendant, D. Scott Carruthers, on March 4, 2011 in accordance with this ruling.

SO ORDERED this _4th_ day of February 2011, at Hartford, Connecticut.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

---

[2] In a similar recent case, Dichiara v. Pelsinger, 08-cv-1039, 2010 WL 3613798 (D.Conn. Aug. 30, 2010), the defendant had not paid the default judgment against him and had not responded to post-judgment discovery requests. Judge Haight issued an order to show cause, but the defendant did not appear at the hearing. As a sanction for the defendant's contempt of the court's orders, Judge Haight issued a warrant for the defendant's arrest. Id. at 1.

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ESTHER JONES,

v.                              CASE NO. 3:09cv1527(CFD)(TPS)

D. SCOTT CARRUTHERS,
         Defendant.

### ORDER TO SHOW CAUSE

The plaintiff's motion to show cause why he should not be found in civil contempt for failure to comply with this Court's Order that he respond to post-judgment discovery by August 9, 2010 and for refusal to pay the agreed judgment entered by this Court on April 7, 2010 is hereby GRANTED. The defendant is ORDERED to appear before this Court for a hearing to show cause.

It is further ORDERED that service by Plaintiff's representative, Joanne S. Faulkner, of a copy of this order on Defendant's representative, Douglas S. Skalka or Lucas Bennett Rocklin, within ten (10) days shall be deemed sufficient. The Hearing will be set for ten (10) days after service.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 27th day of September, 2010.**

/s/ Thomas P. Smith, USMJ

**Thomas P. Smith**
**United States Magistrate Judge**